UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) 2:19-CR-00076-DCLC-CRW |
| | ) |
| vs. | ) **FILED UNDER SEAL** |
| | ) |
| STEPHANIE LEIGH ANN ALLEN, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Stephanie Leigh Ann Allen's Motion for Compassionate Release [Doc. 283] under 18 U.S.C. § 3582(c)(1)(A). The United States (the "Government") responded in opposition to Defendant's Motion [Doc. 283]. This matter is now ripe for resolution. For the reasons stated herein, Defendant's Motion [Doc. 283] is **DENIED**.

**I.     BACKGROUND**

On February 18, 2020, Defendant pled guilty to one count of possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) [Docs. 56, 60]. On June 2, 2020, this Court sentenced Defendant to a term of 70 months imprisonment and a five-year term of supervised release [Doc. 127]. Defendant reported to FCI Tallahassee, and her projected release date is September 18, 2023 [Doc. 285-1, pg. 1]. On February 10, 2021, Defendant submitted a request for compassionate release [Doc. 283, pg. 3], which the warden failed to respond to within 30 days [*Id*.]. On October 22, 2021, Defendant filed the Motion for Compassionate Release that is currently before the Court [Doc. 283]. Defendant seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A) and asserts that her health issues increase her risk of complications or death should she contract COVID-19 [*Id*., pgs. 1-3]. Additionally,

1

Defendant requests that the Court move her to a halfway house [*Id.*]. The United States responds that Defendant does not meet the requirements for compassionate release [Doc. 285].

## II. LEGAL STANDARD

"A district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009). The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, amended 18 U.S.C. § 3582(c)(1)(A) to provide district courts with the authority to modify a defendant's sentence and grant compassionate release

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment…after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that…extraordinary and compelling reasons warrant such a reduction…and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission…

18 U.S.C. § 3582(c)(1)(A).[1]

Under this amendment, district courts may consider motions for compassionate release filed either by the Bureau of Prisons ("BOP") or by a defendant after the defendant has "exhaust[ed] the BOP's administrative process" or "thirty days after the warden received the compassionate release request—whichever is earlier." *United States v. Jones*, 980 F.3d 1098, 1105 (6th Cir. 2020). Exhaustion of administrative remedies is a "mandatory condition" to defendant-filed motions for compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). However, because the administrative exhaustion requirement operates as a "claim-processing rule," it may be waived by the Government. *Id*. at 833-34.

---

[1] The statute includes a separate basis for compassionate release which requires that "the defendant is at least 70 years of age" and "has served at least 30 years in prison," but this provision does not apply to Defendant. 18 U.S.C. § 3582(c)(1)(A)(ii).

In addition to the procedural requirements, § 3582(c)(1)(A) "has identified three substantive requirements for granting relief." *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020). The Court must: (1) find that "extraordinary and compelling reasons merit a sentence reduction"; (2) find "that the reduction is consistent with 'applicable' Sentencing Commission policy statements"; and (3) consider the factors in § 3553(a), to the extent they apply. *Jones*, 980 F.3d at 1106 (quoting *Ruffin*, 978 F.3d at 1003-06). A motion for compassionate release may be denied when any of the three substantive requirements are not met. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Additionally, the Sixth Circuit has clarified that when the defendant, rather than the BOP, files a motion for compassionate release, the Court "may skip step two of the [Section] 3582(c)(1)(A) inquiry" and has "full discretion to define 'extraordinary and compelling' without consulting the policy statement in [U.S.S.G.] § 1B1.13." *Jones*, 980 F.3d at 1111.

### III. ANALYSIS

The Government concedes that Defendant satisfied the exhaustion requirement by submitting a request for compassionate release to the warden at FCI Tallahassee and filing the instant motion more than thirty days after submission of that request [Doc. 835, pg. 4]. However, the Government opposes Defendant's motion and argues that she has not shown that compassionate release would be consistent with the requirements of § 3582(c)(1)(A) [*Id*., pgs. 7-9]. The Court, in turn, will address: (1) whether extraordinary and compelling reasons exist and (2) whether the applicable § 3553(a) factors warrant a sentence reduction.

#### A. **Extraordinary and Compelling Reasons**

Defendant cites her medical conditions amid the COVID-19 pandemic as extraordinary and compelling reasons justifying compassionate release [Doc. 283, pg. 1-2]. Specifically, Defendant asserts that she suffers from seizures, anxiety, and depression, which all put her at risk

3

of severe complications or death should she contract COVID-19 [*Id*.]. The Government notes that Defendant is fully vaccinated and that FCI Tallahassee currently does not have any inmates or staff who have contracted COVID-19 [Doc. 285, pgs. 1, 7]. CDC guidelines provide that adults with neurological conditions or mental health conditions are "more likely to get severely ill from COVID-19." https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited May 7, 2021).[2] Therefore, based on the CDC guidelines, Defendant's medical conditions, particularly her neurological and mental health conditions, make her vulnerable to complications from COVID-19. Nonetheless, that risk is decreased because Defendant is fully vaccinated [Doc. 286, pg. 139]. Thus, the Court finds that Defendant has not presented extraordinary and compelling reasons for compassionate release.

### B. Applicable 18 U.S.C. § 3553(a) Factors

Even if the Court found that Defendant's medical conditions constitute extraordinary and compelling reasons for compassionate release, the 18 U.S.C. § 3553(a) factors do not support a sentence reduction. Defendant pleaded guilty to possession with intent to distribute over 92 grams of methamphetamine, which undoubtedly is a serious offense, as shown by the mandatory minimum ten-year sentence that offense carries [Docs. 81, ¶ 61; 127]. Based on the offense level and Defendant's criminal history category, the Court calculated an advisory guideline range of 87 to 108 months [Doc. 128, pg. 1]. After considering the relevant § 3553(a) factors, the Court sentenced Defendant below the guideline range to a term of imprisonment of 70 months [Doc. 127, pg. 2]. Defendant argues that these factors now support a sentence reduction because she has

---

[2] The Sixth Circuit has held that "[r]elying on official guidelines from the CDC is a common practice in assessing compassionate-release motions." *Elias*, 984 F.3d at 521.

served over half her sentence, not had any disciplinary infractions, obtained employment, and completed two drug classes [Doc. 283, pg. 1].

A little more than a year ago, the Court determined the § 3553(a) factors warranted a 70-month sentence. In deviating below the guideline range, the Court specifically considered the nature and circumstances of the offense and Defendant's remorse [Doc. 128, pg. 2-3]; *see* 18 U.S.C. § 3553(a)(1). Defendant has served approximately three years of her 70-month sentence [Doc. 285-1, pg. 1]. A sentence reduction at this time would depreciate the seriousness of the offense, would not promote respect for the law, and would not provide just punishment for the offense. *See* 18 U.S.C. § 3553(a)(2)(A). Furthermore, a sentence reduction would significantly decrease deterrence and create an unwarranted disparity in sentencing. *See* 18 U.S.C. §§ 3553(a)(2)(B), (a)(6). Finally, Defendant's participation in drug classes and employment are an effective manner of providing Defendant with the needed correctional treatment but do not warrant release at this time. *See* 18 U.S.C. § 3553(a)(2)(D). Based on the foregoing, a sentence reduction would be inconsistent with the relevant § 3553(a) factors. Additionally, as to Defendant's request to transfer her to a halfway house [Doc. 283, pg. 2], the Court does not have jurisdiction to consider that request. *See* 18 U.S.C. § 3621(b).

### IV. CONCLUSION

Accordingly, Defendant's Motion for Compassionate Release [Doc. 283] is **DENIED**.

SO ORDERED:

s/ Clifton L. Corker
United States District Judge